ACCEPTED
12-15-00109-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/15/2015 7:22:34 PM
Pam Estes
CLERK

# CAUSE NO. 12-15-00109-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/15/2015 7:22:34 PM
PAM ESTES
Clerk

## IN THE 12th COURT OF APPEALS OF TEXAS

## LEOPOLDO TOVAR

Appellant,

vs.

## THE STATE OF TEXAS,

Appellee.

---

**APPEALING THE TRIAL COURT ACTION, CAUSE NO. 30489
ISSUANCE OF PUNISHMENT, FROM THE 3RD DISTRICT COURT
OF ANDERSON COUNTY, TEXAS
HONORABLE DEBORAH OAKS EVANS, PRESIDING**

---

## APPELLANT'SBRIEF

**STEPHEN EVANS
SBN: 06717580**

**NO ORAL ARGUMENT REQUESTED**

**LAW OFFICE OF STEPHEN EVANS
1000 NORTH CHURCH
P.O. BOX 754
PALESTINE, TEXAS 75802
903-723-3334 Fax: 903-723-0124**

**ATTORNEY FOR APPELLANT**

## IDENTITY OF PARTIES AND COUNSEL

| | | |
|---|---|---|
| The parties to the trial court's judgment are: | Leopoldo Tovar | Defendant |
| | The State of Texas | Prosecution |
| Trial counsel were: | Scott Nicholson<br>Attorney at Law<br>901 N. Perry St<br>Palestine, Texas 75801 | Defense Counsel |
| | Anderson County District Attorney<br>Anderson County Courthouse<br>Palestine, Texas 75801<br>903-723-7403 | State |
| Appellate counsel are: | Stephen Evans<br>1000 N. Church<br>P.O. Box 754<br>Palestine, Texas 75802<br>903-723-3334 Fax: 903-723-0124<br>Email: sevanslaw@aol.com | Appellant |
| | Allyson Mitchell<br>Anderson County District Attorney<br>Anderson County District Attorney's Office<br>Appellate Section<br>Address above | State of Texas |

PRESDING JUDGE IS UNRELATED TO APPELLANT COUNSEL

# *TABLE OF CONTENTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Identity of Parties and Counsel.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

Index of Authorities..

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

Constitutions, Codes and Statutes..

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of the Case..

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Issues Presented..

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Statement of Facts...

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Summary of the Arguments..

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Notation Glossary.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Points, Arguments, and Authorities..

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Point of Error No. 1..

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Prayer.

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## *INDEX OF AUTHORITIES*

**United States Court Cases**

*Harmelin v. Michigan*,   501 U.S. 957 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Jackson v. Virginia,* 443 U.S. 307, (1979).. . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Solem v. Helm,* 463 U.S. 277, (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Texas Court Cases**

*Alberto v. State,* 100 S.W.3d 481, (Tex.App.-Texarkana 2003, no pet.).. . . . . . . 6

*Cienfuegos v. State*, 113 S.W.3d, (Tex.App.-Houston [1st Dist], pet. ref'd).. . . . . 6

*Zuniga v. State*, 144 S.W.3d 477 (Tex.Crim.App. 2004).. . . . . . . . . . . . . . . . . 6

**Constitutions, Codes and Statutes**

U.S. Const. Amend VIII. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tex. Const. art. I, sec. 13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tex. Crim. Proc. art. 42.12.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## *STATEMENT OF THE CASE*

This is a direct appeal of sentence on a single felony count, derived from a motion to revoke probation. The Appellant plead true to certain counts, and then hearing was conducted in regard to the pending motion. After hearing to the trial court, the presiding judge found the allegations with the exception of Allegation No. 1, as listed in the motion, "True", and then the Appellant was sentenced by the presiding judge, receiving 10 years TDCJ-ID. All appropriate notices of appeal, record, and other statutory requisites of appeal were timely filed and jurisdiction is before this court for review of the trial court conduct. Appellant is appealing the resulting sentence presented.

## *ISSUES PRESENTED*

**POINT OF ERROR ONE:**

THE SENTENCE ISSUED BY THE TRIAL COURT WAS DISPROPORTIONATE TO THE FACTS OF THE CASE, RESULTING IN A CRUEL AND UNUSUAL PUNISHMENT ASSESSED.

## *STATEMENT OF FACTS*

This case involves a motion to revoke probation, which was originally the issued sanction for the offense of Driving While Intoxicated, 3rd or More, committed on or about the 22nd day of January, 2011. The Appellant received a 10 year probated sentence, which was the subject of this motion to revoke. Appellant plead true to the allegations cited in the Motion to Revoke, but for Allegation No. 1. The trial court conducted hearing on the matter, and after receiving testimony from both the State and Defense, found the allegations true, but for Allegation No. 1. (Judgment) The trial court issued sentence of 10 years TDCJ-ID, with certain time credit as captioned in the judgment. Appellant presents argument herein that the sentence imposed was excessive and that the matter should be remanded for reconsideration.

## *SUMMARY OF THE ARGUMENTS*

**POINT OF ERROR ONE:**

The evidence presented by the state during the motion hearing failed to provide factually and constitutionally sufficient support for the sentence of the trial court.

**NOTATION GLOSSARY**

R.R. .............................. Reporter's Record

C.R. .............................. Clerk's Record

## *POINTS, ARGUMENTS, AND AUTHORITIES*

THE SENTENCE ISSUED BY THE TRIAL COURT WAS DISPROPORTIONATE TO THE FACTS OF THE CASE, RESULTING IN A CRUEL AND UNUSUAL PUNISHMENT ASSESSED.

**I.**

As shown by the record, ( R.R., Vol. 1, pg. 11), the Appellant entered a plea of "True" to all of the allegations contained in the subject Motion to Revoke, but for Allegation No. 1, which was a new unadjudicated offense. The trial court heard evidence from the State in support of its motion and the sought sanction, as well as evidence presented by the Appellant in regard to his personal character, facts of income and support, as well as his general demeanor and behavior while on probation. Upon the conclusion of the evidence, the Trial Court found the plead allegations true, revoking the probation, and issuing sentence of 10 years, TDCJ-ID. Admittedly, the sentence issued by the trial court was well within that statutory range. However, the Appellant would submit that the sentence should be subject to review, in that the evidence submitted during the punishment phase of trial would strongly support the imposition of community supervision, being deferred adjudication, as was within the realm of options available to the court in this circumstance. Tex.Code Crim. Proc. art. 42.12.

A reasonable review of the imposed sentence would seem to show that the sentence is without reproach as it was within the statutory parameters, but still subject to a standard of review as to sufficiency under *Jackson v. Virginia*, 443 U.S. 307, (1979), and followed under this State's holdings such as *Zuniga v. State*, 144 S.W.3d 477 (Tex.Crim.App.,2004). A reviewing court should make a determination as to whether the evidence submitted supports the sentence imposed. Here, the trial court was provided with insufficient evidence to support the finding of a new criminal offense, by even the applicable standard of a preponderance of the evidence, and the Appellant presented witnesses supporting that the trial court would have been better advised to issue modification of the probation at worst. ( R.R., Vol. 1, Pg 52 thru 94.)

The adequate proportionality of an imposed sentence, as governed by the 8th Amend. U.S. Const., and Art. 1, Sec. 13 of the Texas Constitution, has been developed through the holding authored in *Solem v. Helm*, 463 U.S. 277 (1983), *Harmelin V. Michigan*, 501 U.S. 957 (1991), *Alberto v. State*, 100 S.W.3d 481, (Tex.App.-Texarkana 2003, no pet.), and generally *Cienfuegos v. State*, 113 S.W.3d 481 (Tex.App-Houston [1st Dist.], 2003, pet. ref'd).

While the foregoing citations do express in their holdings that due deference is accorded to the trial court in its sentencing result, such action is not wholly immune from review by an appellate court where there are significant

factors present that would demonstrate that the resulting sentence was in fact disproportionate to the facts of the case and the evidence submitted. A threshold comparison of the gravity of the offense against the severity of the sentence should be conducted, to pursue a finding as to whether the sentence is in fact disproportionate given the facts of the case and the evidence presented during the trial of the matter. The evidence presented did not exhibit any true threat to the community that would merit incarceration, but rather would have maintained a productive member of that community, contributing to the welfare of his family and dependents as well.

Appellant presents that the option of modified community supervision was cast aside without due and appropriate consideration, and that such was tantamount to an abuse of discretion by the trial court, which should merit the entry of an order to vacate the imposed sentence, and remand for retrial with instructions to give adequate review of the evidence in support of the imposition of modified community supervision.

## *PRAYER*

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court vacate the sentence of the trial court and remand for new trial, and for such other and further relief as he may show himself deserving, at law and in equity.

Respectfully submitted,

/s/ *Stephen Evans*

STEPHEN EVANS
LAW OFFICE OF STEPHEN EVANS
1000 NORTH CHURCH
P.O. BOX 754 PALESTINE,
TEXAS 75802
903-723-3334 FAX: 903-723-0124
SBN: 06717580
ATTORNEY FOR APPELLANT

## *CERTIFICATE OF SERVICE*

This is to certify that a copy of this brief has been forwarded via electronic email attachment delivery, to the office of the Anderson County District Attorney, on the 15th day of October, 2015.

/s/ *Stephen Evans*

_____

STEPHEN EVANS

## **CERTIFICATE OF COMPLIANCE**

**This is to certify that the foregoing brief is in compliance with the Texas Rules of Appellate Procedure, (2013), in the word content of the brief, with such brief containing 1,329 words.**

**October 15, 2015**

/s/ *Stephen Evans*

_____

**Stephen Evans**